1  Ronald L. Richman, SBN 139189
   Joye Blanscett, SBN 191242
2  Bullivant Houser Bailey PC
   601 California Street, Suite 1800
3  San Francisco, CA  94108
   e-mail: ron.richman@bullivant.com
4  e-mail: joye.blanscett@bullivant.com
   Telephone:    (415) 352-2700
5  Facsimile:    (415) 352-2701

6
   Attorneys for Plaintiffs
7

8              UNITED STATES DISTRICT COURT
9             NORTHERN DISTRICT OF CALIFORNIA
                 SAN FRANCISCO DIVISION
10

11 BOARD OF TRUSTEES OF THE CEMENT          Case No.: C 07 2842 BZ
   MASONS HEALTH AND WELFARE TRUST
   FUND FOR NORTHERN CALIFORNIA;
12 BOARD OF TRUSTEES OF THE CEMENT
   MASONS VACATION-HOLIDAY TRUST           **JOINT CASE MANAGEMENT**
13 FUND FOR NORTHERN CALIFORNIA;           **STATEMENT; PROPOSED ORDER**
   BOARD OF TRUSTEES OF THE CEMENT
14 MASONS PENSION TRUST FUND FOR
   NORTHERN CALIFORNIA; and BOARD OF       Date:        September 24, 2007
15 TRUSTEES OF THE CEMENT MASONS           Time:        4:00 p.m.
   TRAINING TRUST FUND FOR NORTHERN        Ctroom:      G, 15th Floor
16 CALIFORNIA,

17            Plaintiffs,

18       vs.

19 NEIL JACKSON CONSTRUCTION, a
   California company, formerly known as KM
20 JACKSON ENGINEERING, a California
   company; and NEIL JEFFERY JACKSON, an
21 Individual,

22            Defendants.

23 BOARD OF TRUSTEES OF THE               Case No.:  C 07 2843 BZ
   LABORERS HEALTH AND WELFARE
24 TRUST FUND FOR NORTHERN
   CALIFORNIA; BOARD OF TRUSTEES OF
25 THE LABORERS VACATION-HOLIDAY
   TRUST FUND FOR NORTHERN
26 CALIFORNIA; BOARD OF TRUSTEES OF
   THE LABORERS PENSION TRUST FUND
27 FOR NORTHERN CALIFORNIA; and
   BOARD OF TRUSTEES OF THE
28 LABORERS TRAINING AND RETRAINING

1  TRUST FUND FOR NORTHERN
2  CALIFORNIA,

3

4              Plaintiffs,

5      vs.

6  NEIL JACKSON CONSTRUCTION, a
   California company, formerly known as KM
7  JACKSON ENGINEERING, a California
   company; and NEIL JEFFERY JACKSON, an
8  Individual,

9              Defendants.

10

11     Plaintiffs Board of Trustees of the Laborers Health and Welfare Trust Fund for Northern

12 California, Board of Trustees of the Laborers Vacation-Holiday Trust Fund for Northern

13 California, Board of Trustees of the Laborers Pension Trust Fund for Northern California and

14 Board of Trustees of the Laborers Training and Retraining Trust Fund for Northern California

15 ("Laborers Trust Funds") and Defendants Neil Jackson Construction and Neil Jeffery Jackson

16 met and conferred as required by Fed. R. Civ. P. 26(f) and submit the following Joint

17 Scheduling Conference Statement.

18

19                    **DESCRIPTION OF THE CASE**

20    1.  Brief description of the events underlying the action:

21        Plaintiffs allege that the Laborers' Master Agreement requires that employers make

22 contributions to the Laborers Trust Funds based on the hours that their respective employees

23 worked as laborers.  Employers are to pay the employee fringe benefit contributions on or

24 before the 25th day of the month immediately succeeding the month in which the employee's

25 work was performed. Plaintiffs Laborers Trust Funds allege that Defendants failed to pay all

26 contributions due and owing for all hours worked by their covered employees.

27        Defendants deny Plaintiffs' allegations.

28

6086428.1

2.  The principle factual issues which the parties dispute:

1.    Whether defendant Neil Jeffery Jackson exercised authority or control over the payment of the employee fringe benefit contributions required to be made to the Laborers Trust Funds by Neil Jackson Construction such that defendant Neil Jeffery Jackson is a fiduciary as defined by ERISA.

2.    Whether Defendants failed to timely pay all contributions owed to the Laborers Trust Funds as required by the applicable collective bargaining agreement.

3.    Whether Defendants failed to report and pay all contributions owed to the Laborers Funds as required by the applicable collective bargaining agreement.

4.    Whether Defendants failed to pay all contributions owed to the Laborers Trust Funds as reported by Defendants and as required by the applicable collective bargaining agreement.

5.    The amount of fringe benefit contributions unpaid and owing, if any, to the Laborers Funds by Defendants.

**6.**    The amount of any liquidated damages and interest owing, if any, to the Laborers Trust Funds by Defendants.

3.  The principle legal issues which the parties dispute:

1.    Plaintiffs Laborers Trust Funds contend that in addition to the underlying delinquent fringe benefit contributions, Plaintiffs Laborers Trust Funds are entitled to liquidated damages and interest, attorneys' fees and an order compelling Defendants to submit to a further audit under ERISA, Section 502(g)(2), 29 U.S.C. § 1132(g)(2) which provides:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –

(A)  the unpaid contributions,

(B)  interest on the unpaid contributions,

(C)  an amount equal to the greater of –

    i.    interest on the unpaid contributions, or

    ii.    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such percentage as may be permitted under federal or state law) of the amount determined by the court under subparagraph (A).

-3-

Joint Case Management Statement; Proposed Order

1      (D)  reasonable attorney's fees and costs of the action, to be paid by the defendant, and

2      (E)  such other legal or equitable relief as the court deems appropriate.

3              For purposes of this paragraph, interest on unpaid contributions
               shall be determined by using the rate provided under the plan, or, if
4              none, the rate prescribed under § 6621 of the Internal Revenue
               Code of 1954.

5

6    2.      Plaintiffs Laborers Trust Funds further allege that defendant Neil Jeffery Jackson

exercised authority or control over the payment of the employee fringe benefit contributions

7    required to be made to the Trust Funds by Neil Jackson Construction, that defendant Neil

8    Jeffery Jackson is a fiduciary as defined by ERISA Section 3(21), 29 U.S.C. § 1002(21) and is

9    therefore also a party in interest as defined by ERISA Section 3(14)(A), 29 U.S.C. §

10   1002(14)(A), that defendant Neil Jeffery Jackson's role in  Neil Jackson Construction's failure

11   to make the employee fringe benefit contributions that became due to the Trust Funds

12   constituted a breach of his fiduciary duties and that therefore, Plaintiffs Laborers Trust Funds

13   are authorized to seek relief against Neil Jeffery Jackson for this breach under ERISA Section

14   502(a)(2), 29 U.S.C. § 1132(a)(2).

15   3.      Defendant Neil Jeffery Jackson denies the forgoing allegations of the Plaintiffs Laborers

16   Trust Funds.

17      4.   The other factual issues which remain unresolved for the reasons stated below and how

18           the parties propose to resolve those issues:

19           None.

20      5.   The parties that have not been served and their reasons:

21           None.

22      6.   The additional parties which the below-specified parties intend to join and the intended

23           time frame for such joinder:

24           None.

25      7.   The following parties consent to assignment of this case to a United States Magistrate

26           Judge for court trial:  Plaintiffs and Defendants

27

28

6086428.1

-4-

Joint Case Management Statement; Proposed Order

**ALTERNATIVE DISPUTE RESOLUTION**

8.  The case was automatically assigned to Nonbinding Arbitration at filing and will be ready for the hearing by _____N/A_____.

The parties have filed a Stipulation and Proposed Order Selecting an ADR process:

_____Mediation

The parties filed a Notice of Need for ADR Phone Conference the phone conference was held on or is scheduled for _____N/A_____.

The parties have not filed a Stipulation and Proposed Order Selecting an ADR process and the ADR process that the parties jointly request [or a party separately requests] is

_____N/A_____.

9.  Please indicate any other information regarding ADR process or deadline.

The parties are engage in informal settlement talks and may resolve this matter prior to ADR.

**DISCLOSURE**

10.  The parties certify that they have made the following disclosures:

The parties have not made any formal disclosures as of this date but agree to make said disclosures by October 1, 2007 as required by the Court.

**DISCOVERY**

The parties agree to discovery in compliance and with the limitations set forth in the Federal Rules of Civil Procedure.

| | |
|---|---|
| Completion of All Discovery: | April 18, 2008 |
| Deadline for the hearing of Dispositive motions (with standard 35-day notice): | May 23, 2008 |
| Completion of non-expert Discovery: | March 14, 2008 |
| Disclosure of Expert Witnesses: | March 14, 2008 |

1

## TRIAL SCHEDULE

2    11.  The parties request a trial date as follows:

3    July 2008

4    12.  The parties expect that the trial will last for the following number of days:

5    1-2 days

6  DATED:  September 19, 2007

7                                        BULLIVANT HOUSER BAILEY PC

8

9                                        By _____/s/_____
                                           Joye Blanscett

10                                       Attorneys for Plaintiffs Trust Funds

11

12

13  DATED: September 19, 2007
                                           GANZER & WILLIAMS

14

15                                       By _____/s/_____
                                           James E. Ganzer
16                                         Attorney for Defendants

17

## CASE MANAGEMENT ORDER

18

19    The Case Management Statement and Proposed Order is hereby adopted by the Court as

the Case Management Order for the case and the parties are ordered to comply with this Order.

20

In addition the Court orders:

21

22                                       By _____

23                                         HON. BERNARD ZIMMERMAN
                                           UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28

6086428.1